**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **THOMAS L. LEE; PAULA LEE,** | § | |
| | § | |
| ***Plaintiffs,*** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION 6:20-cv-00074** |
| | § | |
| **U.S. BANK N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF NRZ PASS-THROUGH TRUST X,** | § | |
| | § | |
| ***Defendant.*** | § | |

---

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

---

**1. State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.**

ANSWER: The conference was held on March 11, 2021. In attendance:

Plaintiff:

Thomas L. Lee
3801 Lone Tree Road A
Victoria, Texas 77901
(361) 489-9866 – Telephone

Paula Lee
3801 Lone Tree Road A
Victoria, Texas 77901
(361) 489-9866 - Telephone

Defendant:

Brandon Hakari
State Bar No. 24107552
McCarthy & Holthus, LLP
1255 West 15th Street, Suite 1060
Plano, TX 75075
(214) 291-3800 - Telephone
(214) 291-3801 - Facsimile

bhakari@mccarthyholthus.com - Email

**2. List all related cases pending in any other state or federal court. Identify the court and case number. State the relationship.**

ANSWER: *U.S. Bank National Association, not in its individual capacity but solely as Trustee NRZ Pass-Through Trust X v. Thomas L. Lee and Paula Lee*, cause no. 19-12-85271-C, 267th Judicial District Court of Victoria County, Texas. This case is between the same parties, and involves Defendant herein seeking an order of foreclosure against Plaintiffs herein (the "Foreclosure").

**3. Briefly describe what this case is about. Generally state the claims, defenses, and threshold issues that each party will likely assert.**

ANSWER: This case was filed by Plaintiffs in response to the Foreclosure seeking to prevent enforcement of their home equity mortgage based on their allegation that enforcement of said home equity mortgage is barred by the statute of limitations.

Plaintiffs advance claims against Defendant related to violations of Plaintiffs' due process rights, violations of the Texas Debt Collection Act, double jeopardy under the Texas Constitution. Plaintiffs additionally allege that they filed a mechanic's lien against a prior mortgagee that was not challenged and has not been released, and a lis pendens in cause no. 16-07-79755-A, 24th Judicial District Court of Victoria County, Texas.

Defendant has raised defenses related to it not being a government actor and therefore the Constitutions of the United States or Texas are not implicated, and that the alleged actions of Defendant do not constitute violations of the Texas Debt Collection Act.

**4. Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.**

ANSWER: Diversity jurisdiction pursuant to 28 USC § 1332. Plaintiffs disagree because they allege that Defendant was in default prior to the removal of this matter to the Southern District of Texas.

**5. List any anticipated additional parties. Identify the party who wishes to add them, briefly explain why, and indicate a date by which to do so.**

ANSWER: None.

**6. List any anticipated interventions. Briefly explain why.**

ANSWER: None.

**7. Describe and class-action or collective-action issues. Provide the proposed definition of the class. Identify and state generally the basis for any opposition.**

ANSWER: None.

**8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, indicate the date by which each party will do and describe arrangements in that respect.**

ANSWER: Defendant has made its initial disclosures. Plaintiffs have not made their initial disclosures, but intend to do so by April 25, 2021.

**9. Apart from initial disclosures, specify other discovery served or accomplished to date.**

ANSWER: None.

**10. Describe the proposed agreed discovery plan. At a minimum, include:**

**a. Responses to all the matters raised in Rule 26(f), including agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery.**

ANSWER: Defendant will produce discovery in PDF format. Defendant anticipates that discovery will be needed on Defendant's defensive claims, and does not believe there will be a need for discovery to be conducted in phases or be limited to particular issues. Defendant does not believe there are currently any issues related to claim of privilege or of protection as trial-preparation materials.

Plaintiffs will produce discovery in either PDF format or physical

photocopies. Plaintiffs anticipate that discovery will be needed on Plaintiff's claims, and does not believe there will be a need for discovery to be conducted in phases or be limited to particular issues. Plaintiff does not believe there are currently any issues related to claim of privilege or of protection as trial-preparation materials.

**b. When and to whom plaintiffs anticipates they may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

ANSWER: Plaintiffs intends to send interrogatories to the Defendant by July 1, 2021, and believes the Rule 33(a) limit should apply.

**c. When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

ANSWER: Defendant intends to send interrogatories to the Plaintiff by August 2, 2021, and believes the Rule 33(a) limit should apply.

**d. Of whom and by when plaintiffs anticipate taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

ANSWER: Plaintiff intends to take the deposition of the Defendant's corporate representatives by November 1, 2021.

**e. Of whom and by when defendant anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

ANSWER: Defendant intends to take the oral deposition of the Plaintiffs by December 1, 2021.

**f. When plaintiffs (or the party with the burden of proof on an issue) can designate experts and provide Rule 26(a)(2)(B) reports, and when the opposing party can designate experts and provide their reports.**

ANSWER: Plaintiffs – July 1, 2021. Defendant – August 2, 2021.

**g. List expert depositions plaintiffs (or party with the burden of proof on an issue) anticipate taking and their anticipated completion date.**

ANSWER: Plaintiff will complete expert depositions by November 1, 2021.

**h. List expert depositions the opposing party anticipates taking and their anticipated complete date.**

ANSWER: Defendant will complete expert depositions by December 1, 2021.

**11. State the date by which the parties can reasonably complete the planned discovery.**

ANSWER: December 1, 2021.

**12. If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.**

ANSWER: None.

**13. Discuss the possibilities of a prompt settlement or resolution of the case at your Rule 26(f) meeting. Identify such possibilities. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

ANSWER: Defendant has sent Plaintiffs a settlement offer, but Plaintiffs have declined that offer.

**14. Counsel to each party must discuss with their client the alternative dispute resolution techniques that are reasonably suitable to this case. Identify such potential techniques. State when the parties may effectively use any such technique.**

ANSWER: Defendant believes mediation after the completion of discovery would be reasonably suitable to this case. Plaintiffs believe that ongoing informal settlement discussions may be reasonably suitable to this case.

**15. A Magistrate Judge of this Court may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.**

ANSWER: The parties are not agreeable to a trial before a Magistrate Judge.

**16. Identify any party that has made a jury demand and whether it was timely.**

ANSWER: A jury demand has not been made.

**17. Specify the number of hours it will likely take to present the evidence at trial in this case.**

ANSWER: No more than 8 hours.

**18. List pending motions the Court could resolve at the initial pretrial conference.**

ANSWER: None.

**19. List other pending motions.**

ANSWER: Defendant's Motion to Dismiss.
Plaintiffs' Motion to Vacate Defendant's Motion to Dismiss.
Plaintiffs' Motion for Default Judgment.

**20. List all other matters that deserve attention of the Court at the initial pretrial conference.**

ANSWER: None.

**21. Complete and attach a proposed scheduling and docket control order where necessary to suggest modifications to the Court's standard order. Clearly indicate any disagreements with reasons in support of the requests made.**

ANSWER: A proposed scheduling and docket control order is attached.

**22. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

ANSWER: Plaintiffs: Not filed

Defendant: December 31, 2020

**23. If the case involves an unincorporated entity as a party, such as an LLC or LLP, state the citizenship of every member. As an attachment to this joint filing, such party must file an affidavit or declaration establishing the citizenship of every member.**

ANSWER: Not applicable.

**24. List the names, bar numbers, addresses, email address, and telephone numbers of all counsel.**

ANSWER: Plaintiffs: Thomas L. Lee
3801 Lone Tree Road A
Victoria, Texas 77901
(361) 489-9866 – Telephone

Paula Lee
3801 Lone Tree Road A
Victoria, Texas 77901
(361) 489-9866 - Telephone

Defendants: Brandon Hakari
State Bar No. 24107552
McCarthy & Holthus, LLP
1255 West 15th Street, Suite 1060
Plano, TX 75075
(214) 291-3800 - Telephone
(214) 291-3801 - Facsimile
bhakari@mccarthyholthus.com - Email

**(signatures on next page)**

______________________________ Date: ______________, 2021
Thomas L. Lee
Plaintiff, *pro se*

______________________________ Date: ______________, 2021
Paula Lee
Plaintiff, *pro se*

______________________________ Date: April 15, 2021
Brandon Hakari
Counsel for Defendants

Thomas L. Lee Date: 4-9-21ST, 2021
Thomas L. Lee
Plaintiff, *pro se*

____________________ Date: __________, 2021
Paula Lee
Plaintiff, *pro se*

____________________ Date: __________, 2021
Brandon Hakari
Counsel for Defendants