Case 6:20-cv-00074 Document 52 Filed on 08/11/22 in TXSD Page 1 of 9

United States Courts
Southern District of Texas
FILED

AUG 11 2022

Nathan Ochsner
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA TEXAS

THOMAS L. LEE §
PAULA LEE, §
§
§
Plaintiff, §
§
§
§ Civil Action No. 6:20-cv-00074
V. §
§
U.S. BANK N.A., NOT IN ITS §
INDIVIDUAL CAPACITY, BUT §
SOLELY AS TRUSTEE OF NRZ §
PASS-THROUGH TRUST X, §
§

Defendant,

PLAINTIFF'S Second and final AMMENDED COMPLAINT FOR RELIEF
PURSUANT TO 15 U.S. Code § 1692k

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Thomas L. Lee, and Paula Lee, with personal knowledge, affirmed notice of Claim, disclosures of superior and protected interests held regarding real estate addressed at 3801 Lone Tree Road A, Victoria, Texas 77901 to this court. Providing "fair notice" of the nature and cause, with required standing for the Plaintiff's amended complaint are codified clearly as per the Consumer Financial Protection Bureau via the FDCPA /Debt § 1006.26 Collection of time barred debts (b) Legal actions and threats of legal actions prohibited. A debt collector must not bring or threaten to bring a legal action against a consumer to collect a time-barred debt". As per Fed R.

1

Civ. 8(a)(2), the Plaintiffs seek the protection and equitable relief from this Court, and to protect all rights held by the Plaintiffs under *FDCPA /Debt § 1006.26*. The Plaintiff's understand that by breaching any part of the FDCPA as it pertains to this *consumer credit transaction*, the *consumer* is presumed damaged, and entitled under law to be compensated for their damages. See 15 U.S. Code § 1692k(a) for the Plaintiff's specific and codified standing for the Plaintiffs to collect damages incurred, as a matter of rights held. Debt Validation, or "debt verification", refers to the Plaintiffs/ Consumers' right to challenge a debt and/or receive written verification of a debt from any debt collector making *presentment*. The right to dispute the debt and receive validation are part of the Plaintiff/ Consumer's rights under the Federal Fair Debt Collection Practices Act (FDCPA) and are set out in §809 [15 U.S.C. § 1692g] of that act.

*Factual Allegations* with undisputable facts/ Background in support:

1. The Plaintiffs under the threat of perjury, factually affirm by this sworn notice of use that we/they, individually, and separately have collectively occupied and maintained the associated county taxes, insurance and all repairs in the above stated real estate since August 1984. The last payment drafted and accepted was over 10 years ago, and by tacit consent of the Defendants, the Plaintiffs have *peacefully*, *lawfully* and *adversely* held the stated real property in good faith are entitled to ask for this court's protection and equitable relief allowed by statute, as per the interstate and unilateral agreements and held are found within this Court's jurisdiction and the Uniform Commercial Code.

2

2. This Court acknowledges (as per it's August 2, 2022 order and opinion) the final payment was affirmed by affidavit, filed and accepted by the parties as having occurred November 2011. This date brings further notice to the Court that the statute of limitations for collecting any *consumer debt* in The State of Texas has clearly expired by more than six years, past the 4 years provided in House Bill 996. As such the Plaintiffs are damaged, and entitled to be compensated.

3. The same Defendants and its agents previously with CITI BANK, NA, as Trustee under case #19 12 85271 C, filed for foreclosure in the 267ᵗʰ District Court in Victoria, Texas. An Order of Non Suit was signed on September 10, 2019, and filed by the Honorable Judge Marr, disposing of the case, and all related subject matter in favor of the Plaintiffs.

4. The Defendants a few months later, and now with US BANK NATIONAL ASSOCIATION, as Trustee have *knowingly* refiled the same complaint previously heard and moot evidence under certificate, with the intent to mislead and or *deceive* this Court in bad faith. This is a *deceptive trade practice* not permissible under Federal/ Public Law. (see sec. §809 (b) of the FDCPA for standing in law) The identical complaint and evidence has been clearly recorded publicly as *asked and answered* under case #19 12 85271 C. The Defendants with *mens rea*, and without an enforceable claim or having standing in law, filed a duplicate foreclosure in bad faith on December 11, 2019, under 19-12-85271-C, also in the 267ᵗʰ Judicial Court in Victoria Texas. Without leave or consideration of the

3


identical matters also moved to this Court's Federal Jurisdiction by the Defendants, the Defendants were granted summary judgment in the amount of $190,907.69 with 6.25% interest, signed on March 3, 2022. It would appear that the Defendants have created conflicts of interest by playing "two hands" against the Plaintiffs, or using one case to benefit another, which has intentionally overburden, impacted and damaged the Plaintiffs' rights held and codified under 15 USC §1692(b) as demonstrated herein.

5. Another *agent* of the Defendant, Fay Servicing on or after May 10, 2022 made a recent presentment of a Remittance Transfer to the Plaintiffs by US MAIL (with accounting of all charges) as defined by Title 15 USC §1693-01, for the amount of: $100,901.54 (having a *deceptive* <$90,006.15> variance, not permissible as per Sec 809 of the FDCPA) having *discharged* the remittance without the consent of the Plaintiffs as defined under Public Law 106-229, the Electronic Signatures Act, effective June, 2006.

6. The presented remittance transfer records the following omission: "LOAN DUE DATE of September 1, 2011" The statute of limitations clearly and lawfully expired sometime in 2014 as affirmed under the following and governing (providing standing in law as per this Court's instruction) as per HOUSE BILL 996, TEXAS DEBT COLLECTIONS ACT (see time barred debts) Texas Civil Practice and Remedies Code § 16.026. **See Attachment A**

7. The Defendants and their agents have failed to provide timely notice to this Court, and the Credit Bureaus that their claim of debt was lawfully disputed, and that they have defaulted and failed to respond as required under 15 USC §1692g(b).

4

PLAINTIFF'S 3- and final AMMENDED COMPLAINT FOR RELIEF
PURSUANT TO 15 U.S. Code § 1692k

8. The Plaintiff's civil rights were, and have been breached as per the *FDCPA /§ 1006.18* False, deceptive, or misleading representations or means. (2) *A debt collector must not falsely represent* (i) *The character, amount, or the legal status of any debt.* The Defendants through their agents have with *mens rea* misrepresented amounts owed to the lower Court as well as this one. The Defendant, and its agents have lawfully repudiated their rights to collect on this unverified *consumer debt*, for two obvious permissible reasons: because the debt is *time barred*, and second, using any *False, deceptive, or misleading representations* as codified herein under Federal/ Public Law.

9. Permissible and in accordance with Texas Business Commerce Code 601.053 (right of rescission) and within 3 days, and in response the Plaintiff drafted a notarized request permissible under 15 USC 1692g accepted by the Defendant's agent, Fay Servicing to validate their newly presented, and previous claim of debt provided (see **Attachment A**), and properly *accepted* via, CMRR, and MAILBOX on May 10, 2022. Fay Servicing is lawfully required to respond, and provide validation as requested within 30 days under federal law. The Defendant's agent accepted notice that if they did not respond as required, requested, by tacit acceptance, limited POA would be granted to Thomas Lee to resolve and report that the former claim of debt has been resolved: **SEE ATTACHMENT B**

10. As of June 30, 2022, the Defendant's agent, Fay Servicing accepted a sworn affidavit providing notice of non rebuttal and acceptance via MAILBOX, and CMRR. No response

has been generated or provided. Non-Rebutted Affidavits are *"Prima Facie Evidence in the Case.* SEE United States vs. Kis, 658 F.2d. 526, 536 337 (7th Cir. 1981) also see Chaudhry v. Gallerizzo, 174 F.3d 394 (4th Cir. 1999) **SEE ATTACHMENT C**

### *Resjudicata*

The Defendants and their many agents and attorneys, all lacking first hand knowledge, are so far not been able to file a qualified first hand response as defined and required under Rule 602 to any of the many sworn statements, affirming that the allegations brought forth by the Plaintiff are *factual* unless otherwise recorded and procedurally and properly disputed by the Defendants and or their agents, as filed and recorded under this cause number. Because the Defendants have failed to answer, thus curing and perfecting consent for any and all defects in law. The affidavit titled, "Movant's Original Petition For Declaratory Relief" filed September 30, 2020 in the jurisdiction of the State of Texas and served under Cause No. 20-09-86339-C, from in accordance with *Federal Rules of Procedure Rule 4(m)* and under *Federal Rules of Procedure 57 and 28 U.S.C. § 2201* (the Declaratory Judgment Act") and by Texas Rules of Civil Procedure on October 23, 2020 at 11:26 am, service affirmed by a sworn Peace Officer serving the public in COLLIN COUNTY, TEXAS. "Silence is a species of conduct, and constitutes an implied representation of the existence of facts in question. When silence is of such character and under such circumstances that it would become a fraud, it will operate as an Estoppel." Carmine v. Bowen, 64 U.S. 932. , SEE ALSO Kazmaier v. Wooten, 761 F.2d 46 (1st Cir. 04/30/1985)

6

## Prayer

The Plaintiffs have identified that the Defendants and their agents have in fact unlawfully sought , and have fraudulently foreclosed on the real property stated herein without leave from this Court, while having employed several specific *deceptive* presentments that seek to remove the Defendants from their real property, peacefully held since 1984. The Plaintiffs have documented this Court's record and provided and defined the specific and intentional torts, and damages, as well as proof that the Defendant and it's Agents' business practices are defined as *intentionally deceptive* under Federal/ Public Law. The Plaintiffs sworn and affirmed filings, Motions and Statements were accepted and have now cured as *Prima Facie* evidence on this Court's record. The Plaintiffs are entitled to have Quiet Title, as well as all damages incurred, recorded , and accepted previously in their cured and also uncontested Plaintiffs', *Motion For Summary Judgment* as follows:

a. With cause an order and judgment that allows Thomas Lee, and his wife, Paula Lee to recover costs of this action as this was a clear tortious intent to harm their reputations, and have without cause interfered in Thomas Lee, and his wife, Paula Lee's rights to hold property and to this court and the public record to which their *frivolous* complaint was filed.

b. The defamed Affiants hereby request punitive damages not to exceed $100,000.00 (*one Hundred thousand dollars and no cents*) and to awarded to the Plaintiffs,

c. Thomas Lee, and his wife, Paula Lee, prays for such other and further Justice and or relief to which they may be entitled.

All Rights Reserved,
FURTHER AND RESPECTFULLY THE AFFIANTS HEREIN SAYETH NOT

7

THOMAS L. LEE

By: *Thomas P. Lee* (signature)

Thomas L. Lee, in Propria Persona,
Sui Juris, with Signature
In c/o: 3801 Lone Tree Road A
Victoria, Texas [77901]
(361)489-9866

PAULA LEE

By: *Paula Lee* (signature)

Paula Lee, in Propria Persona,
Sui Juris, with Signature
In c/o: 3801 Lone Tree Road A
Victoria, Texas [77901]
(361)489-9866

**State of Texas** §
County of Victoria §

SWORN TO Affirmed and subscribed on and **IN WITNESS WHEREOF** this day of August, 11 2022. By Thomas L. Lee and Paula Lee.

By: (signature)
Texas Public Notary

```
ANGELA AMAYA
Notary Public, State of Texas
Comm. Expires 10-27-2023
Notary ID 130420196
```

8

## Certificate of Service

I certify that a true and correct copy of:

<u>PLAINTIFF'S Second and final AMMENDED COMPLAINT FOR RELIEF PURSUANT TO 15 U.S. Code § 1692k</u>

By pre-paid certified mail to: <u>MCCARTHY & HOLTHUS, LLP attorney of record addressed at:</u> 1255 WEST 15TH STREET, SUITE 1060, PLANO, TEXAS 5086

By: /s/ Thomas L. Lee   Date 8-11-2022
Thomas L. Lee, in Propria Persona,
Sui Juris, with Signature
In c/o: 3801 Lone Tree Road A
Victoria, Texas [77901]
(361) 189 9866