Case 6:20-cv-00074 Document 56 Filed on 10/11/22 in TXSD Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
October 11, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| THOMAS L. LEE, *et al.*, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 6:20-CV-00074 |
| U.S. BANK N.A., | § § | |
| Defendant. | § § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss filed by U.S. Bank N.A., not in its individual capacity, but solely as Trustee of NRZ Pass-Through Trust X. (D.E. 53). U.S. Bank moves to dismiss *pro se* Plaintiffs Thomas E. Lee and Paula Lee's Second Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 52 and D.E. 53). Plaintiffs failed to file a response but have filed a document titled "Judicial Notice of Adjudicative Facts as Per Rule 201," which U.S. Bank seeks to strike. (D.E. 54 and D.E. 55). This case has been referred to the undersigned for case management pursuant to 28 U.S.C. § 636. (D.E. 51). For the reasons discussed below, the undersigned **RECOMMENDS** U.S. Bank's Motions be **GRANTED** and this case be **DISMISSED**. (D.E. 53 and D.E. 55).

I.  BACKGROUND

Plaintiffs secured a mortgage encumbering the property at issue with Countrywide Home Loans, Inc. who then assigned it to Citibank, N.A., who then assigned it to U.S Bank.

(D.E. 32-1 and D.E. 53, Page 2). Plaintiffs defaulted on this loan in 2011 by failing to submit monthly payments and the note was accelerated in 2017. (D.E. 32-1 and D.E. 53, Page 2). Foreclosure proceedings were initiated in 2019 in state court and an order of foreclosure was issued on March 3, 2022. (D.E. 52, Pages 3-4 and D.E. 53, Page 2).

Prior to this time, on September 30, 2020, Plaintiffs filed the initial petition in this case in the 267th Judicial District of Victoria County, Texas. (D.E. 1). On December 29, 2020, U.S. Bank removed it to this Court. (D.E. 1).[1] The same day the case was removed, U.S. Bank filed a Motion to Dismiss. (D.E. 2). Plaintiffs' initial complaint listed three claims: a claim under the Texas Debt Collection Act, a Due Process Claim under the U.S. Constitution and a Double Jeopardy claim under Article I, Section 14 of the Texas Constitution based on statute of limitations grounds and an order of nonsuit filed by U.S. Bank's predecessor. (D.E. 1-1, Pages 7-9 and D.E. 53, Page 2). U.S. Bank argued Plaintiffs failed to state a plausible Texas Debt Collection Act claim, the constitutional claims failed because U.S Bank is not a state actor, the Plaintiffs did not properly allege a

---

[1]U.S. Bank again asks the Court to take judicial notice of the other case in state court. (D.E. 53, Pages 4-5). As stated in this Court's previous order, at the Rule 12(b)(6) stage, a federal court can consider "matters of which judicial notice may be taken under Federal Rule of Evidence 201." (D.E. 50, Page 7); *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). Under Rule 201, a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A state court docket is just that.

Also as previously stated, the state court docket shows U.S. Bank sued Plaintiffs in December 2019 for "foreclosure of home equity lien and quiet title." (D.E. 50, Page 7). On March 3, 2022, the state court granted "final summary judgment." *Id.* Rather than appeal, Plaintiffs continued to attempt to litigate in the state trial court. *Id.* The case is listed as "disposed." *Id.*

claim for estoppel and granting leave to amend would be futile as the defects could not be cured by an amendment. (D.E. 2). On December 2, 2021, Plaintiffs were given leave to amend their petition and U.S. Bank's Motion was dismissed as moot. (D.E. 30). Plaintiffs were cautioned that they "should include all of their claims in the amended complaint, including claims that were previously raised in other filings" as "an amended complaint supersedes an original petition or complaint." (D.E. 30, Page 5). Plaintiffs were further told to "be mindful that federal pleading standards differ from state court and [they] should read and comply with Rule 8 of the Federal Rules of Civil Procedure." (D.E. 30, Page 5).

Plaintiffs filed an Amended Complaint on December 14, 2021. (D.E. 31). U.S Bank filed a second Motion to Dismiss on December 21, 2021. (D.E. 32). On April 18, 2022, Plaintiffs filed a response after being granted an extension after they failed to file timely one. (D.E. 32; D.E. 42; and D.E. 43). In the extension order, Plaintiffs were warned that "[f]ailure to timely respond to the Motion to Dismiss will be taken as a representation of no opposition" pursuant to the local rules. (D.E. 42).[2] On August 2, 2022, U.S. Bank's second Motion to Dismiss was granted but Plaintiffs were given "one final opportunity to amend their complaint to assert a claim or claims that comply with the Federal Rules of Civil Procedure." (D.E. 50, Page 8). In this Order, the Court stated Plaintiffs' "live pleading is difficult to understand, and the factual allegations are sparse. As best as the

---

[2] Plaintiffs also filed a Request for Injunction and Declaratory Judgment to which U.S Bank responded and Plaintiffs replied. (D.E. 41; D.E. 45 and D.E. 46). After a hearing on May 2, 2022, Plaintiffs' Request was construed as a Motion for Temporary Restraining Order and denied. (D.E. 47).

Court can discern, the Lees take issue with U.S. Bank's attempted foreclosure of their home in Victoria…appear[ing] to concede that the last payment on the home was made in November 2011 [but arguing] the statute of limitations for foreclosure has expired." (D.E. 50, Pages 1-2). The Court further noted "the remainder of the Amended Complaint is filled with scattered legal citations with little to no context. Further, the Lees do not outline which claim or claims they are asserting. Instead, they merely seek damages, sanctions, injunctive relief, and 'judgment of quiet title'- all without a clear reference to a particular claim." (D.E. 50, Page 2). Discussing Federal Rule of Civil Procedure 8, the Court found the "Amended Complaint is not well-pleaded, and the Lees have not provided a short and plain statement of a claim showing that they are entitled to relief" having failed to "clearly delineate what claim or claims they assert." (D.E. 50, Page 5). The Court also noted that this lawsuit was filed after U.S. Bank filed a separate foreclosure proceeding in the 267th Judicial District Court of Victoria County and it appeared Plaintiffs were attempted to "collaterally attack the state-court judgment entered in favor of U.S. Bank" which, if true, would make it "unclear whether the Court has jurisdiction to grant the requested relief." (D.E. 50, Page 7). Granting Plaintiffs a final opportunity to again amend their complaint, the Court recommended Plaintiffs "separately state each law U.S. Bank is alleged to have violated and the specific facts that support each allegation." (D.E. 50, Page 8). Plaintiffs were cautioned to address the defects as outlined in the order and that no further amendments would be permitted. (D.E. 50, Page 8).

Plaintiffs filed a "Second and Final Amended Complaint" on August 11, 2022. (D.E. 52). On August 25, 2022, U.S. Bank filed the pending Motion to Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 53). Plaintiff's response was due on or before September 15, 2022. They failed to file a response, instead filing a "Judicial Notice of Adjudicative Facts" on August 26, 2022, attaching a purported "Satisfaction of Mortgage." (D.E. 54). U.S. Bank filed a Motion to Strike this Notice on September 2, 2022, asserting the filing is "immaterial, impertinent, and scandalous" pursuant to Federal Rule of Civil Procedure 12(f) as "it was prepared by the Lees, not U.S Bank, and is not what it purports to be." (D.E. 55, Page 2). Plaintiffs have also failed to file a response to the Motion to Strike, which was due on or before September 23, 2022.

Plaintiffs' failure to file responses to the Motion to Dismiss and to the Motion to Strike are "taken as a representation of no opposition" pursuant to Local Rule 7.4. The undersigned notes Plaintiffs have previously been warned that they must file timely responses or this Local Rule applies after they failed to file a response to U.S Bank's previous motion to dismiss. (D.E. 42). However, the undersigned has considered the merits of the Motions to Dismiss and to Strike below and recommends they be granted.

II.     **12(b)(6) MOTION STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts

all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face" and must plead those facts with enough specificity "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations" to be entitled to the assumption of truth. *Id.* at 679 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). Under Rule 8(a)(2), plaintiffs are not required to

include "detailed factual allegations," but at the same time "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" is needed. *Iqbal*, 556 U.S. at 678. "To survive a Rule 12(b)(6) motion to dismiss, the complaint 'does not need detailed factual allegations,' but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, 'raise a right to relief above the speculative level.'" *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) (citing *Twombly*, 550 U.S. at 555).

When dealing with cases where the plaintiff proceeds *pro se*, it is well-established that the *pro se* plaintiff's complaint is held to less stringent standards than formal pleadings drafted by lawyers. *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981) (citation omitted). While *pro se* plaintiffs are entitled to more liberal constructions of their pleadings by courts, the *pro se* plaintiff still must comply with the Federal Rules of Civil Procedure, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the motion to dismiss." *Christian Leadership Conference v. Supreme Court of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citation omitted).

### III. ANALYSIS

The undersigned first addresses the Motion to Strike. (D.E. 55). It is clear Plaintiffs prepared, signed and filed the document titled Satisfaction of Mortgage. (D.E. 54). It was signed by Plaintiffs on August 2, 2022. (D.E. 54, Pages 5-6). It is not, however, signed by the representative of any financial institution and therefore, it simply cannot be what it

purports to be.  Therefore, the undersigned recommends U.S. Bank's Motion to Strike be granted.  (D.E. 55).

U.S. Bank again asserts Plaintiffs' Second Amended Complaint "suffers from the same defect as the First Amended Complaint [because] [t]he allegations are confusing, vague, and unintelligible."  (D.E. 53, Page 1).  U.S. Bank argues that "[a]t best, Plaintiffs seem to now assert a claim for violation of the Fair Debt Collection Practices Act [("FDCPA"] but fail to clearly delineate the precise sections and the precise facts supporting the claim [instead asserting] allegations [that] are irrelevant, conclusory, and recitations of law."  (D.E. 53, Pages 1-2).

The undersigned agrees.  Even under the liberal construction given to *pro se* plaintiffs' pleadings, Plaintiffs' allegations are at best vague, conclusory and lacking in factual support.  Plaintiffs state they are seeking relief under the FDCPA because a "debt collector must not bring or threaten to bring a legal action against a consumer to collect a time-barred debt."  (D.E. 52, Pages 1-2).  Plaintiffs include a section titled "Factual Allegations with undisputable facts/Background in support."  (D.E. 52, Pages 2-6).  The limited factual allegations asserted, which are not clearly presented, are as follows:  (1) Plaintiffs have occupied and maintained the property at issue since August 1984 and have not made any mortgage payments for over ten years; (2) the statute of limitations for collecting any consumer debt has expired; (3) U.S. Bank filed a state court foreclosure action in 2019 which was dismissed; (4) U.S. Bank then refiled the same complaint "with the intent to mislead and or deceive this Court in bad faith" which "is a deceptive trade

practice" and U.S. Bank "created conflicts of interest by playing 'two hands' against the Plaintiffs, or using one case to benefit another, which has intentionally overburden[ed], impacted and damaged the Plaintiffs' rights under the FDCPA; (5) Summary judgment was granted in favor of U.S. Bank on March 3, 2022 in the state court foreclosure action; (6) An agent of U.S Bank, Fay Servicing, submitted for payment an accounting of all charges on May 10, 2022 and, after Plaintiffs submitted a request for validation of this debt, Fay Servicing did not respond; and (7) U.S. Bank has breached Plaintiffs' civil rights and also the FDCPA by presenting a false representation of the amount of the debt having "lawfully repudiated their rights to collect on this unverified consumer debt" which is time barred. (D.E. 52, Pages 2-6). Plaintiffs also reference claims for res judicata, adverse possession and a lack of standing.

While it appears Plaintiffs are attempting to challenge the determination of the state court in the foreclosure proceeding under the guise of a Fair Debt Collection claim, Plaintiffs again fail to sufficiently support their allegations in their second amended complaint. As stated previously, while Plaintiffs assert U.S Bank cannot attempt foreclosure, "they do not explain a legal basis for seeking relief on this ground [as they include] [a]t best…scattershot citations…with little to no context." (D.E. 50, Page 6). Plaintiffs cite to certain sections of the FDCPA, Texas House Bill 996 and other state laws, however, it is unclear what arguments they are asserting because they do not support them with sufficient factual allegations. Again, "[e]ven if the Court were to construe each isolated legal citation as a standalone claim, it would not be enough. A live pleading 'must

do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws.'" (D.E. 50, Page 6); *Shepard on behalf of Estate of Shepard v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019). Plaintiffs fail to identify with sufficient specificity the alleged conduct giving rise to any liability. For example, while Plaintiffs center their arguments on the statute of limitations, they do not provide any supporting allegations, including when default, acceleration or verification communications with U.S. Bank or its predecessors occurred. As argued in U.S. Bank's Motion, which is well taken, the relevant law requires Plaintiffs to plead more details, rather than vague assertions, regarding U.S. Bank's alleged conduct. (D.E. 53, Pages 7-11).

In short, Plaintiffs' Second Amended Complaint did not correct the deficiencies identified in their previous complaints and remains as confusing and deficient as their initial filings. Therefore, the undersigned recommends Plaintiff's Second Amended Complaint be dismissed as it fails to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Under Fed. R. Civ. P. 15(a)(2), leave to amend should be freely given "when justice so requires." However, leave to amend may be denied for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [or] futility of amendment ...." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 591 (5th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, the record does not

support allowing further amendment as Plaintiffs have been given leave to amend their complaint twice and were warned that further amendment would not be permitted. (D.E. 50, Page 8). Lastly, from the limited information provided in Plaintiff's Second Amended Complaint, it appears none of Plaintiff's claims are legally cognizable and would fail as a matter of law, making an amendment futile.

## IV. RECOMMENDATION

For the reasons stated above, the undersigned recommends the Plaintiffs' filing be struck and Plaintiffs' allegations are insufficient to survive Defendant's Motion to Dismiss. Therefore, the undersigned recommends U.S. Bank's Motions be **GRANTED** and this case be **DISMISSED**. (D.E. 53 and D.E. 55).

Respectfully submitted on October 11, 2022.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

# NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).